UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 08-22618-CIV  COOKE/BANDSTRA

KAREN H. SKEEN,

      *Plaintiff*,

v.

CARNIVAL CORPORATION, *et al.*,

      *Defendants*.

_____/

### ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS COUNT V OF PLAINTIFF'S COMPLAINT

**THIS CAUSE** is before me on Defendants' Joint Motion to Dismiss Count V of

Plaintiff's Complaint [DE 13].  Plaintiff's Count V alleges that Defendants Carnival Corporation

("Carnival") and Total Gusto S.A. DE C.V.[1] ("Total Gusto") were engaged in a joint venture by

offering tour excursions to Carnival cruise passengers.  Defendants argue that Carnival and Total

Gusto were not engaged in a joint venture, and that Count V of Plaintiff's complaint should be

dismissed pursuant to Federal Rules of Civil Procedure 10(b) and 12(b)(6).[2]  Count V of

---

[1] Plaintiff also brings suit against XYZ corporation.  "At all times material, Defendant, XYZ CORP., is an unknown corporation which owned and/or operated a shore excursion known as the 'Caves and Caverns' tour offered by (Carnival) and is being included in an abundance of caution in the event that, through discovery, the identity of XYZ CORP. is learned and its true identity may be substituted for XYZ CORP. within this complaint."  (Pl.'s Compl. at ¶ 4).  At this time, Plaintiff has not substituted another party for XYZ corporation.  It appears that Total Gusto was responsible for conducting the Caves and Caverns excursion tour; however, Plaintiff is suing XYZ in addition to Total Gusto as a precaution in the event later discovery reveals Total Gusto was not responsible for conducting the excursion tour or that Total Gusto is a subsidiary of XYZ corporation.

[2] Defendants argue that Plaintiff's claim for joint venture should be dismissed pursuant to Fed.R.Civ.P. 10(b) and "12(b)(d)."  However, Fed.R.Civ.P. 12(b)(d) does not exist.  The Court will construe Defendants' Motion to Dismiss as being brought pursuant to Fed.R.Civ.P. 12(b)(6).  It is clear that the use of "12(b)(d)" was a typographical error as Defendants use 12(b)(6)

Plaintiff's complaint alleges that Carnival and Total Gusto engaged in a joint venture when Defendants provided excursion tours to Carnival passengers. Defendants assert that two elements needed to support a joint venture claim are lacking and therefore Count V should be dismissed for failure to state a claim.

## I.      BACKGROUND

Plaintiff, Karen H. Skeen, a citizen of Mississippi, was a passenger aboard *Holiday*, a Carnival cruise vessel. Plaintiff purchased a "Caves and Caverns" excursion tour through Carnival. On March 17, 2008, when the vessel *Holiday* was docked at Progresso, Mexico, Carnival employees directed passengers to individuals leading the excursion tour. While participating in the "Caves and Caverns" tour, Plaintiff was injured as a result of falling or jumping from a cavern wall into a natural pool, a distance of approximately thirty feet. Skeen alleges that the tour was lead by employees or agents for Carnival, Total Gusto, and XYZ Corporation. Skeen also asserts that Defendants knew of the propensity for tour participants to climb the cavern walls and fall or jump to areas below. Further, Skeen argues that Defendants should have had or enforced rules preventing tour participants from jumping from the cavern walls.

## II.     LEGAL STANDARD

"For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003). The complaint may be dismissed if the facts as pled do not state a

---

language in the Motions's legal standard section. Furthermore, the Court will not analyze Defendants' motion to dismiss under Rule 10(b). Defendants have not alleged how Plaintiff has violated Rule 10(b) and the Court is granting the motion to dismiss pursuant to Rule 12(b)(6).

claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69, 1974 (2007) (abrogating the old "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face."); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1037 (11th Cir. 2001) ("Pleadings must be something more than an ingenious academic exercise in the conceivable.") (en banc) (quoting *United States v. Students Challenging Regulatory Ag. Proc.*, 412 U.S. 669, 688 (1973)).   More simply, dismissal is appropriate if the plaintiff has not "nudged [its] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974.

## III.   DISCUSSION

### A.   Applicable Law

This case is brought pursuant to diversity jurisdiction; however, Plaintiff's complaint states that "[t]he causes of action asserted in this Complaint arise under the General Maritime Law of the United States.  Activities asserted in this Complaint occurred on navigable waters." (Pl.'s Compl. at ¶ 6).  Defendants seem to agree that federal maritime law controls by making the argument that maritime law bars Plaintiff's joint venture claim.  (Defs.' Joint Mot. to Dismiss Count V at 5).  "Traditionally, where diversity jurisdiction existed and the parties agreed that admiralty law should apply, courts declined to probe the availability of admiralty jurisdiction." *Smith v. Carnival Corp.*, 584 F.Supp.2d 1343, 1347 (S.D. Fla. 2008) (citing *Doe v. Celebrity Cruises, Inc.,* 394 F.3d 891, 899 (11th Cir. 2004)).  However, now the Court must ensure that it has admiralty jurisdiction before applying federal admiralty law.  *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 900 (11th Cir. 2004) (stating that the Court "has an independent duty to ensure admiralty jurisdiction exists before applying admiralty law").  The test for determining

whether a district court has admiralty jurisdiction is clearly established, and addresses both the location of the incident and the connection to marine commerce.  *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 532 (1995).  The location component seeks to determine "whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water."  *Id*.  When applying the connection component the "court, first, must assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce.  Second, a court must determine whether the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity."  *Id*.  (internal quotations and citations omitted).

Admiralty jurisdiction exists in this case.  The accident presumably occurred at Progresso, Mexico, where the vessel *Holiday* was docked, when Plaintiff was on land participating in the cruise excursion tour.  At first glance it would appear that the location component would not be satisfied because Plaintiff's accident did not occur on navigable water.  However, "the Supreme Court recently has taken an expansive view of admiralty jurisdiction."  *Doe,* 394 F.3d at 901; *Norfork S. Ry. Co. V. Kirby*, 543 U.S. 14, 15 (2004) ("While it may once have seemed natural to think that only contracts embodying commercial obligations between the 'tackles' ( *i.e.,* from port to port) have maritime objectives, the shore is now an artificial place to draw a line.  Maritime commerce has evolved along with the nature of transportation and is often inseparable from some land-based obligations." ).  The Eleventh Circuit has similarly held that, under certain circumstances, admiralty jurisdiction extends to torts suffered by cruise ship passengers while onshore.  *Doe,* 394 F.3d at 902.  Plaintiff alleges that Carnival marketed and sold "Caves and Caverns" excursion tickets to passengers.  *See Smith v. Carnival Corp.*, 584 F. Supp. 2d 1343,

1347 (S.D. Fla. 2008) (finding that an excursion ticket which was sold while a cruise ship was in navigable waters was relevant when applying the location test).  Plaintiff asserts that on March 17, 2008, the day in which the accident occurred, the vessel *Holiday* was in navigable waters, and that she was led from the Carnival ship directly to the excursion.  Accordingly, the location element is met.

The connection component is also satisfied.  Carnival "is a cruise line operator and thus epitomizes maritime commerce."  *See id*. at 1348.  Cruise lines often engage in onshore excursions and the type of accident suffered by Plaintiff has the potential to impact the cruise line industry.  Furthermore, cruise line ports-of-call stops and onshore excursions are traditional maritime activities, *Doe*, 394 F.3d at 902, and Plaintiff was participating in the type of activity that cruise passengers expect to by offered by a commercial cruise line.

**B.      Joint Venture Claim**

The parties dispute whether there is a joint venture between Carnival and Total Gusto. The checklist of elements that a district court should consider when analyzing a joint venture claim under federal common law are: "(1) intention of the parties to create a joint venture; (2) joint control or joint right of control; (3) joint proprietary interests in the subject matter of the venture; (4) right of both venturers to share in the profits; and (5) duty of both to share in the losses."  *Fulcher's Point Pride Seafood, Inc. v. M/V ""Theodora Maria,"* 752 F.Supp. 1068, 1072 (S.D. Ga. 1990); *see also Trans-Tec Asia v. M/V Harmony Container*, 435 F. Supp. 2d 1015, 1032 (C.D. Cal. 2005) (finding that the elements for asserting a federal common law joint venture claim are not clearly established, but applying essentially the same elements as the

*Fulcher's Point* court).[3]  While I find that Plaintiff has failed to properly assert the elements of intent and joint proprietary interest, I will analyze all of the five elements individually.

Plaintiff has failed to allege that Carnival and Total Gusto intended to enter into a joint venture.[4]  While a writing can be clear evidence that a party did or did not intend to enter into a joint venture, Plaintiff has not asserted that there is a writing between Carnival and Total Gusto expressing intent to enter into a joint venture.  *See Davidson v. Enstar Corp.*, 848 F.2d 574, 578 (5th Cir. 1988) (finding that the parties did not intend to create a joint venture based unambiguous language stating "it is not the intention of the parties hereto to create a partnership, association, trust, or other semblance of business entity") (internal quotation marks omitted).  Furthermore, Plaintiff has not alleged that there is an oral agreement between the parties or

---

[3]Defendants argue that Plaintiff has not asserted all of the necessary elements for a joint venture claim under Florida law.  The elements necessary for asserting a joint venture claim under Florida law are: "(1) a community of interest in the performance of a common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits, and (5) a duty to share in any losses that may be sustained.  *Development Corp. of Palm Beach v. WBC Const. L.L.C.*, 925 So. 2d 1156, 1161 (Fla. 4th DCA 2006) (citing *Kislak v. Kreedian,* 95 So. 2d 510, 515 (Fla 1957))."  The elements for asserting a joint venture claim under Florida law and federal common law are similar, however, federal common law imposes the element of intent to create a joint venture, but does not impose the Florida law element of a community interest in the performance of a common purpose.  I would dismiss Plaintiff's claim under either federal common law or Florida law since Plaintiff has failed to establish the common element of proprietary interest.  Furthermore, if necessary, I will look to Florida substantive law as persuasive authority when analyzing joint venture elements.  *See Fulcher's Point Pride Seafood*, 935 F.2d at 211 n.3 (applying federal law and stating "[i]n a case involving Florida law, *Pinnacle Port Community Ass'n, Inc. v. Orenstein*, 872 F.2d 1536, 1539 (11th Cir. 1989), we named similar joint venture elements").

[4]The parties have not made arguments regarding the element of intent to enter into a joint venture.  At the time Defendants filed their motion to dismiss, the Court had not determined that it had admiralty jurisdiction over the case.  Plaintiff alleges that Carnival and Total Gusto "[h]ad a community of interest in the performance of the common purpose."  (Pl.'s Compl. at ¶ 53).  It appears that Plaintiff was alleging joint venture under Florida law which requires a community interest in the performance of the common purpose.  Federal law does not require a community interest in the performance of the common purpose, but does have the element of intent.  As discussed *infra*, Plaintiff has an opportunity to remedy this deficiency.

asserted any facts supporting that Carnival and Total Gusto intended to enter into a joint venture. Thus, Plaintiff fails to assert that the parties intended to enter into a joint venture.

Plaintiff has sufficiently pled the element of joint control. "For joint venture purposes, the parties must have mutual control over the subject matter of the venture and the authority to bind one another with respect to the subject matter of the venture." *Progress Rail Services Corp. v. Hillsborough Reg'l Transit Auth.*, No. 8:04CV200-T-23EAJ, 2005 WL 1051932, at *3 (M.D. Fla. April 12, 2005). Plaintiff states: "At all times material hereto, the individuals leading the 'Cave and Caverns' tour were employees and/or agents of Defendants, (Carnival) and/or (Total Gusto) and/or XYZ . . . ." (Pl.'s Compl. at ¶ 15). "Federal maritime law embraces the principles of agency . . . ." *Naviera Neptuno S.A. v. All Intern. Freight Forwarders, Inc.,* 709 F.2d 663, 665 (11th Cir. 1983). An agent's actions can bind the principle so that the principle is liable to a third party. *Alan, Sean and Koule, Inc. v. SV/CORSTA V*, 286 F. Supp. 2d 1367, 1374 (S.D. Ga. 2003). Thus, taking the allegations in the complaint as true, Plaintiff has sufficiently alleged joint control.

Plaintiff has not alleged that Carnival and Total Gusto have a joint proprietary interest. "A joint proprietary interest generally requires joint ownership of the subject matter of the contract." *Progress Rail Services Corp.,* 2005 WL 1051932, at *3. Plaintiff states that "it is reasonable to infer from the Complaint that Carnival and Total Gusto and/or XYZ Corp. have a joint proprietary ownership in this venture because both parties have an ownership interest in the time and/or property that they contribute to the Joint Venture." (Pl.'s Reply in Opp'n to Defs.' Joint Mot. to Dismiss at 4). In essence, Plaintiff is stating that it is reasonable to infer that Carnival and Total Gusto have contributed assets to a joint venture because they own assets individually that are used to conduct business.

While the Court must make reasonable inferences in favor of the nonmovant, it does not have to accept every inference submitted by Plaintiff. *Aldana v. Del Monte Fresh Produce, N.A., Inc*. 416 F.3d 1242, 1248 (11th Cir. 2005) ("'unwarranted deductions of fact' are not admitted as true in a motion to dismiss.") (citing *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). In *S & W Air Vac Systems, Inc. v. Dep't of Revenue, State of Fla.*, the appellant owned coin operated vacuum and air machines that were placed on the property of convenience stores and gas stations. 697 So. 2d 1313 (Fla. 5th DCA 1997). The appellant provided maintenance and service for the machines. *Id*. at 1314. However, the gas station owner was permitted to move the machines to another location at the station, and further, the store owner paid for the electricity needed to operate the machines. *Id*. at 1315. The *S & W Air Vac* court stated that the proprietary interest element was not satisfied "because S & W owned the machines and the store owners owned the land." *Id*. at 1316. In the case before the court, Carnival can book tour excursions, yet lack an ownership interest in assets used for conducting excursions. Further, Total Gusto can provide excursions to Carnival passengers, yet not have an ownership interest in Carnival's sales and booking systems. Thus, Plaintiff has not established that Carnival and Total Gusto jointly own resources for conducting excursion tours.

Lastly, Plaintiff has sufficiently alleged that Carnival and Total Gusto share profits and losses by asserting that Carnival and Total Gusto "[h]ad a right to share in the profits of the joint venture" and "[w]ould share losses which may have been sustained." (Pl.'s Compl. at ¶ 53). Further, Plaintiff states that "Defendants (Total Gusto) and/or XYZ CORP. provided labor and/or assisted in leading shore excursion tours so as to generate charges to Carnival passengers which were thereby collected by Carnival and the money collected then shared by Defendants. . . ." *Id*. at 51.

However, as discussed *supra*, Plaintiff has not sufficiently alleged two of the elements for a joint venture – intent and joint proprietary interest.  Therefore, the Court must dismiss Count V. Plaintiff requested, in the event the Court granted Defendants' motion, leave to file an amended complaint.  Pursuant to Fed.R.Civ.P. 15(a)(1)(A), "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading . . . ." Fed.R.Civ.P. 15(a)(1)(A); *see also Brewer-Giorgio v. Producers Video, Inc.*, 216 F.3d 1281, 1284 (11th Cir. 2000) ("Under Federal Rule of Civil Procedure 15(a), a party has the right to amend a pleading without leave of the court so long as they do so before a responsive pleading is served.  For the purposes of this Rule, the term 'responsive pleading' does not include such filings as a motion to dismiss . . . .").  As of yet, Defendants have not filled an answer, and Plaintiff has not amended the initial complaint.  Plaintiff may file an amended complaint alleging facts sufficient to support a joint venture as a matter of course if Defendants have not served Plaintiff with a responsive pleading.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss Count V of Plaintiff's Complaint [DE 13] is **GRANTED**.  Plaintiff shall file an amended complaint within thirty days of the date of this order.

**DONE AND ORDERED** in Miami, Florida, this 24th day of April 2009.

*Marcia G. Cooke*

MARCIA G. COOKE
United States District Judge

Copies to:
Honorable Ted E. Bandstra
All counsel of record